UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

**Rantsford Stadelbauer, III**

    Plaintiff,

    vs.

**Mercantile Adjustment Bureau, LLC,
John Doe, alias
Paul Otero, and
Hal Doe, alias,**

    Defendants.

CA 09 196S

## Complaint

### Introduction

1. The Plaintiff, an individual consumer, brings this action alleging the Defendants engaged in harassing, abusive and prohibited conduct while attempting to collect an alleged Debt from him in violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). The Plaintiff seeks statutory damages, actual damages, costs and attorney fees under the FDCPA.

2. The Plaintiff also alleges Defendants' conduct while attempting to collect the alleged Debt constituted a deceptive practice in violation of the Rhode Island Deceptive Trade Practices Act, 6-13.1.-1 *et seq.* ("DTPA"). The Plaintiff seeks statutory damages, actual damages, costs, attorney fees, and punitive damages under the DTPA.

### Jurisdiction and Venue

3. This Court has jurisdiction to hear the FDCPA claims in this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337(a).

4. This Court has supplemental jurisdiction to hear the state law DTPA claims pursuant to 28 U.S.C. § 1367(a).

5. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) because the Plaintiff is a resident of this District and the conduct complained of took place, via the telephone, in this District.

## Parties

6. The Plaintiff Rantsford Stadelbauer, III is an adult resident of the State of Rhode Island, temporarily deployed with the United States Army in Iraq.

7. The Defendant Mercantile Adjustment Bureau, LLC (Mercantile), is a corporation, organized and existing under the laws of the State of New York, with its principal place of business at 6390 Main Street, Suite 160, Williamsville, NY.

8. The Defendant Paul Otero (Otero) is a resident of New York employed by Mercantile.

9. The Defendants Hal Doe (Hal), alias, and John Doe (John), alias, are employees or agents of Mercantile whose true names and residences are unknown to the Plaintiff but known to Mercantile.

## Facts Common To All Counts

10. At all times relevant to this Complaint, Mercantile was engaged in the business of regularly collecting Debts, originally owed to third parties, using the telephone and mail to communicate with residents of Rhode Island.

11. At all times relevant to this Complaint, Otero was engaged in the business of regularly collecting Debts, originally owed to third parties, using the telephone to communicate with residents of Rhode Island.

12. At all times relevant to this Complaint, Hal and John were engaged in the business of regularly collecting Debts, originally owed to third parties, using the telephone to communicate with residents of Rhode Island.

13. At all times relevant to this Complaint, Mercantile was a "Debt Collector" as defined by the FDCPA at 15 U.S.C. § 1692(a)(6).

14. At all times relevant to this Complaint, Otero was a "Debt Collector" as defined by the FDCPA at 15 U.S.C. § 1692(a)(6).

15. At all times relevant to this Complaint, Hal and John were "Debt Collectors" as defined by the FDCPA at 15 U.S.C. § 1692(a)(6).

16. Within the past year Mercantile placed phone calls, and engaged in telephone conversations, with residents of Rhode Island while acting as a Debt Collector attempting to collect an alleged Debt from the Plaintiff.

17. Within the past year Otero placed phone calls, and engaged in telephone conversations, with residents of Rhode Island while acting as a Debt Collector attempting to collect an alleged Debt from the Plaintiff.

18. Within the past year Hal and John placed phone calls, and engaged in telephone conversations, with residents of Rhode Island while acting as a Debt Collectors attempting to collect an alleged Debt from the Plaintiff.

19. The alleged Debt that gave rise to the telephone calls arose from the Plaintiff' purchase of a car primarily for his personal use. Hereinafter the alleged Debt shall be referred to simply as the Debt.

20. During all times relevant to this Complaint, the Plaintiff has been single and not married.

21. The Plaintiff has been deployed in Iraq since before October, 2008.

## Count 1

### FDCPA – Mercantile's Improper & False Communication with Third Parties

22. The Plaintiff reasserts the allegations contained in all the proceeding paragraphs and incorporates them into this Count.

23. In October 2008, Mercantile placed a phone call to, and spoke with, a friend of the Plaintiff's in Rhode Island (Friend) in an attempt to collect the Debt.

24. In that conversation Mercantile told the Friend that the Plaintiff owed a debt.

25. In that conversation Mercantile made false, deceptive and/or misleading representations to the Friend, including:

   a. That the Plaintiff was "being sued" or was "in the process of being sued;" and

   b. That the company suing, or planning to sue, the Plaintiff wanted the paperwork for the lawsuit filed by October 21st.

26. Between September 2008 and January 2009, Mercantile placed phone calls to, and spoke with, the Plaintiff's parents (Parents) in an attempt to collect the Debt.

27. In those conversations Mercantile told his Parents that the Plaintiff owed a debt.

28. In those conversations Mercantile made false, deceptive and/or misleading representations to his Parents, including:

      a.   That the Plaintiff was not protected by the Service Members Civil Relief Act.

29.    The conduct described in this Count violated the FDCPA, specifically 15 USC 1692(b) and (e).

**Wherefore,** the Plaintiff requests judgment against Mercantile for actual damages pursuant to 28 USC 1692(k)(a)(1), statutory damages in the amount of $1,000 pursuant to 28 USC 1692(k)(a)(2)(A), costs and attorney fees pursuant to 28 USC 1692(k)(a)(3), and for such other relief as the Court may deem just and appropriate.

## Count 2

### FDCPA –Otero's Improper & False Communication with Third Party

30.    The Plaintiff reasserts the allegations contained in all the proceeding paragraphs and incorporates them into this Count.

31.    In October 2008, Otero placed a phone call to, and spoke with, a friend of the Plaintiff's in Rhode Island (Friend) in an attempt to collect the Debt.

32.    In that conversation, Otero told the Friend that the Plaintiff owed a debt.

33.    In that conversation, Otero made false, deceptive and/or misleading representations to the Friend, including:

      a.   That the Plaintiff was "being sued" or was "in the process of being sued;"

      b.   That the company suing, or planning to sue, the Plaintiff wanted the paperwork for the lawsuit filed by October 21st.

34.    The conduct described in this Count violated the FDCPA, specifically 15 USC 1692(b) and (e).

**Wherefore,** the Plaintiff requests judgment against Otero for actual damages pursuant to 28 USC 1692(k)(a)(1), statutory damages in the amount of $1,000 pursuant to 28 USC 1692(k)(a)(2)(A), costs and attorney fees pursuant to 28 USC 1692(k)(a)(3), and for such other relief as the Court may deem just and appropriate.

## Count 3

### John's Improper & False Communication with Third Parties

35. The Plaintiff reasserts the allegations contained in all the proceeding paragraphs and incorporates them into this Count.

36. Between September 2008 and January 2009, John, and possibly others, placed phone calls to, and spoke with, the Plaintiff's parents in an attempt to collect the Debt.

37. In those conversations they told his Parents that the Plaintiff owed a debt.

38. In those conversations they made false, deceptive and/or misleading representations to his Parents, including:

    a. That the Plaintiff was not protected by the Service Members Civil Relief Act.

39. The conduct described in this Count violated the FDCPA, specifically 15 USC 1692(b) and (e).

**Wherefore,** the Plaintiff requests judgment against John, and others, for actual damages pursuant to 28 USC 1692(k)(a)(1), statutory damages in the amount of $1,000 pursuant to 28 USC 1692(k)(a)(2)(A), costs and attorney fees pursuant to 28 USC 1692(k)(a)(3), and for such other relief as the Court may deem just and appropriate.

## Count 4

### FDCPA – Mercantile's False & Abusive Conduct

40. The Plaintiff reasserts the allegations contained in all the proceeding paragraphs and incorporates them into this Count.

41. On or about February 16, 2009, while in Iraq, the Plaintiff spoke with Mercantile on the telephone while Mercantile was attempting to collect the Debt.

42. In that conversation, Mercantile made false, deceptive and/or misleading representations including:

    a. That the Plaintiff needed to send Mercantile money that day or he was going to be sued;

    b. That the Plaintiff was not covered by the Service Members Civil Relief Act;

    c. That Mercantile did not have to send him information regarding the Debt; and

    d. That Mercantile could call whoever it wanted about the Debt.

43. The conduct described in the prior paragraph violated the FDCPA, specifically 15 USC 1692(e).

44. In that conversation, Mercantile employed conduct the natural consequence of which was to harass, oppress or abuse a person, including, but not limited to:

    a. Telling the Plaintiff he had to send money that day to avoid being sued even though Mercantile knew the Plaintiff was in Iraq.

    b. Attempting to demean the Plaintiff by questioning whether or not the Plaintiff was a service member because, Mercantile asserted, service members pay their debts.

    c. Using profane language;

    d. Intimating that Mercantile would continue to call his family and friends about the Debt;

    e. Ending the call by hanging up on the Plaintiff; and

    f. Hanging up on the Plaintiff when he immediately tried to call Mercantile back.

45. The conduct described in the prior paragraph violated the FDCPA, specifically 15 USC 1692(d).

**Wherefore,** the Plaintiff requests judgment against Mercantile for actual damages pursuant to 28 USC 1692(k)(a)(1), statutory damages in the amount of $1,000 pursuant to 28 USC 1692(k)(a)(2)(A), costs and attorney fees pursuant to 28 USC 1692(k)(a)(3), and for such other relief as the Court may deem just and appropriate.

### Count 5

### FDCPA –Hal's False & Abusive Conduct

46. The Plaintiff reasserts the allegations contained in all the proceeding paragraphs and incorporates them into this Count.

47. On or about February 16, 2009, while in Iraq, the Plaintiff spoke with Hal on the telephone while Hal was attempting to collect the Debt.

48. In that conversation, Hal made false, deceptive and/or misleading representations including:

    a. That the Plaintiff needed to send Mercantile money that day or he was going to be sued even though he knew the Plaintiff was in Iraq;

    b. That the Plaintiff was not covered by the Service Members Civil Relief Act;

    c. That he and Mercantile did not have to send him information regarding the Debt; and

    d. That he and Mercantile could call whoever it wanted about the Debt.

49. The conduct described in the prior paragraph violated the FDCPA, specifically 15 USC 1692(e).

50. In that conversation, Hal employed conduct the natural consequence of which was to harass, oppress or abuse a person, including, but not limited to:

    a. Telling the Plaintiff that he had to send money that day to avoid being sued even though he knew the Plaintiff was in Iraq;

    b. Attempting to demean the Plaintiff by questioning whether or not the Plaintiff was a service member because, Hal asserted, service members pay their debts;

    c. Using profane language;

    d. Intimating that he and Mercantile would continue to call his family and friends about the Debt;

    e. Ending the call by hanging up on the Plaintiff; and

    f. Hanging up on the Plaintiff when he immediately tried to call back.

51. The conduct described in the prior paragraph violated the FDCPA, specifically 15 USC 1692 (d).

**Wherefore,** the Plaintiff requests judgment against Mercantile for actual damages pursuant to 28 USC 1692(k)(a)(1), statutory damages in the amount of $1,000 pursuant to 28 USC 1692(k)(a)(2)(A), costs and attorney fees pursuant to 28 USC 1692(k)(a)(3), and for such other relief as the Court may deem just and appropriate.

## Count 6 – State – Deceptive Trade Practice

52. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

53. The individual Defendants placed calls to the Plaintiff while acting within the scope of their employment with Mercantile and in furtherance of Mercantile's business interests.

54. Mercantile did not have, or did not enforce, policies and procedures to prevent its agents from conducting themselves in the way the individual Defendants behaved towards the Plaintiff.

55. Mercantile's conduct, and the conduct of its agents, constituted "unfair or deceptive acts or practices" as that term is defined in the Rhode Island DTPA at RIGL 6-13.1-1(6)(xiii).

56. Mercantile's conduct was prohibited by the DTPA at RIGL 6-13.1-2.

57. Mercantile's conduct was deliberate, and/or outrageous, and/or reckless.

58. As a result of Mercantile's conduct, the Plaintiff suffered damages including mental suffering and attorney fees.

**Wherefore**, the Plaintiff requests judgment against each Defendant for 1) actual damages pursuant to RIGL 6-13.1-5.2(a); 2) statutory damages in the amount of $200 pursuant to RIGL 6-13.1-5.2(a); 3) costs and attorney fees pursuant to RIGL 6-13.1-5.2(d); 4) punitive damages; and 5) such other relief as the Court may deem just and appropriate.

The Plaintiff,
By His Attorney,

/s John T. Longo
_____
John T. Longo, Esq./#4928
681 Smith Street
Providence, RI  02908
(401) 272-2177
Fax (401) 537-9185
jtlongo@jtllegal.com

## Jury Demand

The Plaintiff demands a trial by jury on each and every count.

_____
John T. Longo, Esq./#4928

My File #: FD **2911**